Brian HORAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 69S00–9212–CR–00992.

Supreme Court of Indiana.

Nov. 29, 1994.

Andrew C. Maternowski, Stephen W. Dillon, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Justice.

A jury found Brian Horan guilty of Battery,[1] a Class C felony, and Murder.[2] On July 28th, 1992, Horan was sentenced to eight years on the battery count and sixty years on the murder count. The trial court ordered the sentences to be served consecutively. Horan now appeals his convictions. We have jurisdiction over this appeal because the longest single sentence imposed was greater than fifty years.[3] Because the trial court refused Horan's tendered instruction to the jury that it was to draw no inference from Horan's refusal to testify, we reverse.

Horan was tried together with a co-defendant and he did not testify. Among the jury instructions Horan proposed was his Proposed Instruction Number 12, which read:

> Under the law of the State of Indiana, a person charged with the commission of a crime is a competent witness to testify in his or her own behalf. However, a person charged with the commission of a crime cannot be compelled to testify and is under no duty or obligation to testify. ·

> The fact that the defendant did not testify raises no presumption of any kind against him. It shall not be commented upon, referred to, or in any manner considered by the jury in determining the guilt or innocence of the defendant.

Horan's co-defendant opposed the giving of this instruction and, in any event, the trial court did not give it.

Under the Fifth and Fourteenth Amendments to the United States Constitution, a defendant who has not testified at trial has an absolute right to require that an instruction such as the one Horan proposed be given. *Carter v. Kentucky,* 450 U.S. 288, 305, 101 S.Ct. 1112, 1121, 67 L.Ed.2d 241 (1981); *Lucas v. State* (1986), Ind., 499 N.E.2d 1090, 1093. In *Carter,* the United States Supreme Court said the following:

> The freedom of a defendant in a criminal trial to remain silent "unless he chooses to speak in the unfettered exercise of his own will" is guaranteed by the Fifth Amendment and made applicable to state criminal proceedings through the Fourteenth. *Malloy v. Hogan,* 378 US [1], at 8, 12 L Ed 2d 653, 84 S Ct 1489 [ (1964) ]. And the Constitution further guarantees that no

---

1. Ind.Code § 35–42–2–1 (1993).

2. Ind.Code § 35–42–1–1 (1993).

3. Ind. Const. art. VII, § 4; Ind.Appellate Rule 4(A)(7); *Wiseman v. State* (1988), Ind., 521 N.E.2d 942, 943.

adverse inferences are to be drawn from the exercise of that privilege. *Griffin v. California*, 380 US 609, 14 L Ed 2d 106, 85 S Ct 1229 [ (1965) ]. Just as adverse comment on a defendant's silence "cuts down on the privilege by making its assertion costly," *Griffin*, id., at 614, 14 L Ed 2d 106, 85 S Ct 1229, the failure to limit the jurors' speculation on the meaning of that silence, when the defendant makes a timely request that a prophylactic instruction be given, exacts an impermissible toll on the full and free exercise of the privilege. Accordingly, we hold that a state trial judge has the constitutional obligation, upon proper request, to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify.

450 U.S. at 305, 101 S.Ct. at 1121 (some citations omitted).

The State argues that it was enough that the jury was instructed that the State had the burden of proving each element beyond a reasonable doubt, that the defendant was presumed innocent, that it should attempt to fit the evidence to a conclusion that the defendant was not guilty, and that the defendant was not required to present evidence or prove anything. (Brief of Appellee at 11). It was not. No instruction informed the jury that it was not to refer in any way to Horan's failure to testify. Both *Carter* and *Lucas* require that such an instruction be given when properly requested.

### Conclusion

Accordingly, we vacate Horan's convictions for Battery and Murder, and we remand to the trial court for a new trial.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents with separate opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. The majority is correct in stating that the instruction tendered by the appellant was a correct statement of the law. The majority also is correct in stating that the instructions given by the court, taken by themselves, did not adequately cover the right of appellant to refuse to testify.

However, the majority ignores the factual situation that developed in this case. Although the trial court had refused appellant's instruction, the prosecutor in his final summation to the jury did not refer to the fact that appellant had not testified. On the other hand, when appellant's counsel made his final statement to the jury, he called the jury's attention to the instructions given by the trial court, then proceeded to inform the jury that based upon these instructions they were not to draw any conclusions from the fact that appellant did not take the witness stand. When taken at face value, the instructions appear to be inadequate. However, when defense counsel was permitted to place his own interpretation on those instructions and neither the State nor the judge interfered with his interpretation, the end result was that by reason of defense counsel's statement the jury in fact was properly instructed concerning the defendant's right to take the witness stand.

I can find no justification for the reversal of this case.